NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3467
_____

JAMES SODANO,
                                                    Appellant
v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-14-cv-07630)
District Judge: Honorable Peter G. Sheridan
_____

Argued April 3, 2019
Before: CHAGARES and HARDIMAN, *Circuit Judges*, and GOLDBERG, *District Judge**

(Filed: April 17, 2019)

Thomas A. Dreyer [Argued]
6 Dickinson Drive
Building 100 – Suite 110
Chadds Ford, PA 19317
        *Counsel for Appellant*

Craig Carpenito
Steven G. Sanders [Argued]
Mark E. Coyne
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

_____

     * The Honorable Mitchell S. Goldberg, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Norman Gross
Office of United States Attorney
Camden Federal Building & Courthouse
Camden, NJ 08101
    *Counsel for Appellee*

_____

OPINION[**]

_____

HARDIMAN, *Circuit Judge*.

James Sodano, litigating pro se in the District Court, filed a motion to vacate his sentence under 28 U.S.C. § 2255.[1] Sodano made several arguments that his counsel was ineffective, but ineffectiveness in plea bargaining under *Lafler v. Cooper*, 566 U.S. 156 (2012), was not among them. After the Government answered, but within the one year period to file a motion under § 2255, Sodano filed a "Memorandum in Support" of his motion to vacate, which he "requested to be attached" to that motion. Mem. in Support at 1, No. 3-14-cv-07630 (D.N.J. Sept. 8, 2015), ECF No. 9. Sodano argued in that

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 2255, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review is plenary as to the District Court's legal conclusions; we review its factual findings for clear error. *See United States v. Travillion,* 759 F.3d 281, 289 (3d Cir. 2014).

submission that his trial counsel was ineffective for failing to explain the risks of turning down a plea bargain.

About a year and a half after his judgment became final, Sodano filed a motion to amend to formally add the *Lafler* claim to his motion to vacate the sentence. The Government conceded "Sodano did raise a *Lafler* claim, albeit inartfully," and that "[g]iven Sodano's status as a pro se petitioner, the Government submits that his [Memorandum in Support] should be viewed as a[ ] [timely] amendment to the initial petition." Gov't Letter at 1, No. 3-14-cv-07630 (D.N.J. Mar. 21, 2017), ECF No. 18. The District Court disagreed, holding Sodano could not bypass the rules of amendment by adding new claims in a supplemental brief. Mem. Order at 1–2, No. 3-14-cv-07630 (D.N.J. Mar. 26, 2017), ECF No. 19. We granted a Certificate of Appealability on the *Lafler* claim only.

Consistent with the position taken in its letter to the District Court, the Government now moves to remand under 28 U.S.C. § 2106 and Third Circuit Local Appellate Rule 27.4(a). Because we agree that Sodano's pro se Memorandum in Support should have been liberally construed as a timely amendment to his motion to vacate, we will vacate the District Court's orders as relevant and grant the Government's motion to remand. We leave it to the District Court to decide, in the first instance, whether to hold a hearing on Sodano's *Lafler* claim or whether instead "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.